IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

STEVEN B. TRAINER,

        Plaintiff

VS.

JOHN PERRY, *et al.*,

        Defendants

NO. 5:04-CV-30 (CWH)

PROCEEDINGS UNDER 42 U.S.C. § 1983
BEFORE THE U. S. MAGISTRATE JUDGE

## O R D E R

Plaintiff STEVEN B. TRAINER is an inmate in the custody of the State of Georgia. He has sued defendants JOHN PERRY, Deputy Warden, CAPTAIN TREMBLE, LIEUTENANT JERRY KITCHENS, SERGEANT CHRISP, LIEUTENANT SCOTT, LIEUTENANT TUCKER, and OFFICER COLBERT, alleging that they violated his constitutional rights while he was incarcerated at Hancock State Prison in Sparta, Georgia. Plaintiff claims that the defendants retaliated against him and subjected him to cruel and unusual punishment. He avers that they conspired to have him charged with false disciplinary reports (DRs) in retaliation for grievances he filed concerning a use of force incident on December 9, 2002. Plaintiff also claims he was subjected to excessive force on that date when the defendants assaulted him after he asked to see his counselor. Additionally, plaintiff claims that he was falsely issued DRs for theft and possession of contraband on February 10, 2003, and for conspiracy on August 22, 2003, out of retaliation.

Before the court is plaintiff's **MOTION FOR PARTIAL SUMMARY JUDGMENT**. Tab #45. The motion is supported by a brief, affidavit, and various other documents. The court advised the defendants of said motion and their duty to respond properly thereto. Tab #49. In response to the plaintiff's motion, the defendants filed a **MOTION FOR SUMMARY JUDGMENT**. Tab #55. Their motion is supported by a brief, deposition, and affidavits. The court advised the plaintiff TRAINER of said motion and of his duty to respond properly thereto. Tab #57. The plaintiff has filed a response to the defendants' motion. Tabs #69-72. In entering this order, the undersigned has carefully considered the plaintiff's and defendants' motions and all attachments thereto, as well as any responses.

## LEGAL STANDARDS
### A. Summary Judgment

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

## DISCUSSION
### 1. Retaliation

In his complaint, plaintiff TRAINER alleges that the defendants retaliated against him by conspiring to have him charged with false DRs because of grievances he had filed. Specifically, plaintiff claims he was retaliated against because of a grievance he filed concerning a use of force incident on December 9, 2002. Plaintiff also claims that he was retaliated against when he was falsely issued a DR for theft and possession of contraband on February 10, 2003, and for attempting to incite an incident on August 22, 2003.

It is well settled that prison officials are to be afforded wide discretion in the exercise of their duties. *See, e.g., Bell v. Wolfish*, 441 U.S. 520 (1979). In *Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir. 1989), the court specifically reiterated that conduct that is not ordinarily offensive to the Constitution will be offensive if done in retaliation for filing lawsuits and administrative grievances. However, simply crying "retaliation" whenever a prisoner does not agree with or like a decision made by prison officials is insufficient to state a claim for a constitutional violation under §1983. Instead, an inmate must come forward with sufficient evidence to merit continuation of his lawsuit. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995).

---

[2]*See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

3

In the present case, the plaintiff has failed to come forward with any evidence to show a retaliatory motive on the part of the defendants. He has submitted nothing beyond his own conclusory allegations to show a retaliation. To survive a properly supported summary judgment motion, more must be shown.

A review of the evidence submitted by the defendants shows that they did not have a retaliatory motive for filing the DRs against plaintiff. Plaintiff filed a grievance on February 4, 2003, stating that prison staff had destroyed inmate statements concerning a September 9, 2002, use of force incident. Tab #55. After investigating the mater, it was determined that plaintiff was lying, so he was given a DR for making false statements. Plaintiff was also issued a DR for theft on February 10, 2003, after a metal stapler was found in his possession during inspection. Inmates are not allowed to possess staplers, so he was charged with unauthorized possession of contraband. *Id*. The defendants' decision to issue plaintiff DRs did not have a retaliatory motive, and the defendants are entitled to summary judgment on this claim.

### 2. Excessive Force

Plaintiff alleges that he was subjected to excessive force on December 9, 2002, after he stated to defendant Chrisp: "you are very rude." Plaintiff then states that he was taken into the hall and assaulted, causing various injuries.

The defendants provided a different version of the events of that day. They agree that plaintiff told defendant Chrisp that he was rude. However, they state that he then began approaching in a threatening manner with a cup of hot coffee in his hand. Plaintiff was instructed to place the coffee on the floor. After he refused, defendant Chrisp went to handcuff plaintiff, but he ran. After catching plaintiff, he was handcuffed.

The Eleventh Circuit has noted that to establish an Eighth Amendment violation a prisoner must prove that his injury was caused by an unnecessary and wanton infliction of pain. In such cases the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Absence of serious injury alone is insufficient to dismiss a prisoner's Eighth Amendment claim. *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996).[2]

In the present case, the defendants have submitted their affidavits and plaintiff's medical file to show that he was not subjected to any excessive force on December 9, 2002. In response to this, plaintiff has submitted his affidavit in which he avers that his version of facts is correct.

After thoroughly reviewing the record, the undersigned finds no evidence that any documentary evidence, medical or otherwise, was destroyed. Further, the use of force report filled out by defendant Chrisp shows that any force used on plaintiff on December 9, 2004, was a reasonable response to the perceived threat by the plaintiff. Therefore, the defendants are entitled to summary judgment on this claim.

In light of the foregoing, IT IS ORDERED that the defendants' MOTION FOR SUMMARY JUDGMENT (Tab #55) be **GRANTED** and that plaintiff's Motion for Partial Summary Judgment (Tab #45) be DENIED. Let judgment enter accordingly.

SO ORDERED, this 24th day of AUGUST, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] Analysis of an Eighth Amendment excessive force claim is contextual and requires that many factors be considered: the need for the application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible official, and any efforts made to temper the severity of a forceful response. Only *de minimis* uses of force are beyond constitutional recognition. *Id.*